UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOLFGANG WEISE,<br>Plaintiff,<br>-against-<br>NEW YORK CITY FBI ORGANIZATION,<br>Defendant. | 1:26-CV-7739 (LTS)<br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Wolfgang Weise, of Brooklyn, Kings County, New York, brings this *pro se* action alternatively seeking damages or injunctive relief.[1] He sues the "New York City FBI Organization," which the Court understands to be the Federal Bureau of Investigation ("FBI"). Plaintiff alleges that members of the FBI's Manhattan office have been harassing and abusing him throughout the City of New York, including at his Brooklyn home.[2] (*See* ECF 1, at 2, 4-5.) The Court construes Plaintiff's complaint as asserting claims for damages under the Federal Tort Claims Act ("FTCA") or, alternatively, claims for injunctive relief under the Administrative Procedure Act ("APA"). For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

---

[1] Plaintiff has filed an application for a preliminary injunction and a temporary restraining order, but he does not specify what type of immediate injunctive relief he seeks. (ECF 3.)

[2] The alternative injunctive relief that Plaintiff seeks in his complaint is cessation of the abovementioned alleged harassment and abuse that he has received from the FBI. (ECF 1, at 6.) In addition, he states that he "accepts dismissal of [his other] case[s]" pending in this court known as *Weise v. U.S. Dep't of State*, 1:26-CV-4422 (LJL) (S.D.N.Y.), and *Weise v. U.S. Dep't of State*, 1:24-CV-5760 (LJL) (S.D.N.Y.). (*Id.*) The Court notes that, in both of those actions, Plaintiff is represented by the same counsel. Accordingly, because he is represented by counsel in both of those actions, the Court will not address the abovementioned statement.

## DISCUSSION

### A. Claims under the FTCA

With respect to claims brought under the FTCA, they must be brought in the federal district court for "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff resides in Brooklyn, Kings County, New York, which lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c), not within this judicial district.[3] Thus, the United States District Court for the Eastern District of New York is a proper venue for Plaintiff's claims under the FTCA by virtue of Plaintiff's residency in Brooklyn. *See* § 1402(b).

Plaintiff also seems to allege that the events giving rise to his claims have occurred throughout the City of New York. (*See* ECF 1, at 5.) The City of New York lies within both this judicial district and within the Eastern District of New York. *See* § 112(b), (c). Thus, this court and the United States District Court for the Eastern District of New York are likely both proper venues for Plaintiff's claims under the FTCA by virtue of the alleged events taking place throughout the City of New York. *See* § 1402(b).

### B. Claims under the APA

The appropriate venue provision for claims brought under the APA is found at 28 U.S.C. § 1391(e)(1), which provides that, unless otherwise provided by law, any civil action brought against a federal agency must be brought in:

---

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island): (4) Nassau; and (5) Suffolk. *See* 28 U.S.C. § 112(c).

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

A federal agency, such as the FBI, resides where it is headquartered. *See New York v. Pruitt*, Nos. 1:18-CV-1030 (JPO), 1:18-CV-1048 (JPO), 2018 WL 2411595, at *3 (S.D.N.Y. May 29, 2018) (citing, *inter alia*, *Reuben H. Donnelley Corp. v. FTC*, 580 F.2d 264, 267 (7th Cir. 1978)); *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 463-64 (S.D.N.Y. 2005) (Marrero, D.J.) (quoting *Reuben H. Donnelley Corp.*, 580 F.2d at 267). The FBI is headquartered, like many other federal agencies, in Washington, D.C., *Hetzler v. Record/Info. Dissemination Section*, No. 07-CV-6399, 2012 WL 13180818, at *2 (W.D.N.Y. Aug. 13, 2012); *see Dowling v. Am. Credit Acceptance*, No. 1:26-CV-4200 (LTS), 2026 WL 1584665, at *2 (S.D.N.Y. June 2, 2026), within the District of Columbia, which constitutes one federal judicial district, *see* 28 U.S.C. § 88. Thus, under Section 1391(e)(1)(A), the United States District Court for the District of Columbia is a proper venue for Plaintiff's claims under the APA.

As discussed above, Plaintiff seems to allege that the events giving rise to his claims have occurred throughout the City of New York (*see* ECF 1, at 5), which lies within both this judicial district and within the Eastern District of New York, *see* § 112(b), (c). Thus, under Section 1391(e)(1)(B), this court and the United States District Court for the Eastern District of New York are both proper venues for the Plaintiff's claims under the APA.

In addition, because Plaintiff resides in Brooklyn, Kings County, New York, within the Eastern District of New York, *see* § 112(c), and because no real property is involved in this action, under Section 1391(e)(1)(C), the United States District Court for the Eastern District of New York is a proper venue for Plaintiff's claims under the APA.

**A. Transfer of claims in the interest of justice**

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer of this action to the United States District Court for the Eastern District of New York is appropriate. As discussed above, this court and the United States District Court for the Eastern District of New York are both proper venues for the claims raised in this action under the FTCA or the APA. That being said, Plaintiff resides within the Eastern District of New York, it appears that a substantial portion of the alleged events occurred within that judicial district, and it is reasonable to expect that relevant documents and witnesses would

also be located within that judicial district. Thus, the United States District Court for the Eastern District of New York, which is a proper venue for Plaintiff's claims, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees, and whether Plaintiff's application for immediate injunctive relief (ECF 3) should be granted, are determinations to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 14, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge